UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLARENCE HILL | CIVIL ACTION |
| VERSUS | NO: 11-2786 |
| EXXON MOBIL CORP., ET AL. | SECTION: R(2) |

### ORDER AND REASONS

Before the Court is defendant Chevron U.S.A. Inc.'s motion to dismiss plaintiff's medical monitoring claim.[1]  Defendants Marathon Oil Company, BP America Production Company, and OXY USA Inc., join Chevron's motion.  Because plaintiff does not state a plausible claim for medical monitoring, the Court GRANTS defendants' motion.

### I. BACKGROUND

Plaintiff, Clarence Hill, worked at Tuboscope Vetco International's pipe yard from 1972 to 1977.  Plaintiff alleges that during this time, the defendants, Exxon Mobil Corporation ("Exxon"), Humble Incorporated, Chevron USA, Inc. ("Chevron"), Shell Oil Company ("Shell"), Marathon Oil Company ("Marathon"), OXY USA, Inc. ("OXY"), and BP America Production Company ("BP"), sent their used oilfield production tubes to be cleaned at the

---

[1] R. Doc. 7.

Tuboscope facility.  Plaintiff contends that these tubes contained naturally occurring radioactive material ("NORM").  Further, plaintiff asserts that the defendants knew about the radioactive material in the oil pipes, but did not notify plaintiff's employer, or plaintiff himself.  Plaintiff alleges that during the cleaning process, he was exposed to dangerously high levels of radiation, and that as a result of this exposure, he is at an increased risk of developing cancer.

On February 18, 2011, plaintiff filed a complaint asserting claims of negligence and strict liability under Louisiana law.  Plaintiff seeks damages for increased risk of cancer, fear of cancer, and medical monitoring for early detection of cancer.  Defendants removed the case to federal court.[2]  Chevron then moved to dismiss plaintiff's medical monitoring claim.[3]  Marathon, BP, and OXY USA Inc., join Chevron's motion.[4]  Plaintiff opposes the motion.[5]

## II. STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is

---

[2]   R. Doc. 1.

[3]   R. Doc. 7.

[4]   R. Docs. 8, 9, 11.

[5]   R. Doc. 12.

plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1960 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 1949.  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  But the Court is not bound to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 129 S.Ct. at 1949.

   A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true.  *Id.*  It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action.  *Id.*  In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.  *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed.  *Twombly*, 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325,

328 n.9 (5th Cir. 2007).

**III. DISCUSSION**

In *Bourgeois I*, the Louisiana Supreme Court held that medical monitoring costs are compensable damages under Louisiana Civil Code article 2315, provided that the plaintiff satisfies seven criteria. *Bourgeois v. A.P. Green Indus., Inc.*, 716 So.2d 355, 360 (La. 1998) ("*Bourgeois I*"). These criteria are: (1) a significant exposure to a proven hazardous substance; (2) as a proximate result of this exposure, plaintiff suffers a significant increased risk of contracting a serious latent disease; (3) plaintiff's risk of contracting a serious latent disease is greater than (a) the risk of contracting the same disease had he or she not been exposed and (b) the chances of members of the public at large of developing the disease; (4) a monitoring procedure exists that makes the early detection of the disease possible; (5) the monitoring procedure has been prescribed by a qualified physician and is reasonably necessary according to contemporary scientific principles; (6) the prescribed monitoring regime is different from that typically recommended in the absence of exposure; and (7) there is some demonstrated clinical value in the early detection and diagnosis of the disease. *Bourgeois I*, 716 So.2d at 360-61.

In the wake of this decision, the Louisiana Legislature,

through Act 989 of 1999, amended article 2315 to exclude future medical monitoring from the statute's definition of compensable damages.  La. Civ. Code. art. 2315(B) ("Damages do not include costs for future medical treatment, services, surveillance, or procedures of any kind unless such treatment, services, surveillance, or procedures are directly related to a manifest physical or mental injury or disease."); *see also Bonnette v. Conoco, Inc.*, 837 So.2d 1219, 1230, n.6 (La. 2003) (explaining that "the amendment effectively eliminated medical monitoring as a compensable item of damage in the absence of a manifest physical or mental injury or disease.").  The amended version of the statute became effective on July 9, 1999.

    Then, in *Bourgeois II*, the Louisiana Supreme Court held that Act 989 could not apply retroactively to divest a cause of action that accrued before the effective date of the Act.  *Bourgeois v. A.P. Green Indus., Inc.*, 783 So.2d 1251, 1260 (La. 2001) (*Bourgeois II*).  Accordingly, to state a claim for medical monitoring damages following the amendment to article 2315 and the Louisiana Supreme Court's decision in *Bourgeois II*, a plaintiff must either (1) satisfy Louisiana Civil Code article 2315(B) which requires that the monitoring relate to a manifest physical or mental injury or disease; or (2) demonstrate that the seven factors forming the *Bourgeois I* test converged before July 9, 1999.  *See* La. Civ. Code. art. 2315(B); *Crooks v. Metro. Life*

*Ins. Co.*, 785 So.2d 810, 812 ("[F]or the *Bourgeois II* holding to apply, the seven factors forming the *Bourgeois I* test must have converged prior to July 9, 1999.").

Plaintiff asserts that his petition states a claim under both tests -- current law and the test articulated in *Bourgeois I* for causes of action accruing before July 9, 1999. The appropriate test depends on when plaintiff's cause of action accrued. Because plaintiff has not pleaded all of the elements of the *Bourgeois I* test, he has not pleaded sufficient facts to establish that his cause of action accrued before July 9, 1999. In any event, plaintiff fails to state a claim for medical monitoring under either the current article 2315 test or the *Bourgeois I* test. First, plaintiff does not allege that he suffers from any manifest injury or disease. This means that under the current version of article 2315, he cannot recover damages for medical monitoring costs. *See* LA. CIV. CODE. art. 2315(B) (excluding costs for future medical treatment and monitoring unless the procedures are related to a manifest disease); *see, e.g., Woods v. Reynolds Indus.*, 2010 WL 1286438, at *4 (W.D. La. Mar. 30, 2010) (holding that a plaintiff who was exposed to asbestos in 2004, who had not been diagnosed with an asbestos-related disease, could not recover for medical monitoring costs). Nor does plaintiff's complaint satisfy the seven criteria of the *Bourgeois I* test. Plaintiff fails to

6

indicate what type of monitoring he seeks, who has prescribed the monitoring procedure, whether the monitoring is reasonably necessary, or whether the monitoring regime is different from that typically recommended in the absence of exposure. *See, e.g., Bourgeois v. Exxon Mobil Corp*, 2011 WL 6130767, at *2 (E.D. La. Dec. 8, 2011) (dismissing plaintiff's claim for medical monitoring when plaintiff did not allege manifest injury or satisfy the *Bourgeois I* test). Accordingly, plaintiff has not stated a claim for medical monitoring.

**IV. CONCLUSION**

Because plaintiff does not state a plausible claim for medical monitoring, the Court GRANTS defendants' motion to dismiss this claim. Plaintiff has requested leave to amend. Accordingly, the Court GRANTS plaintiff leave to amend his claim for medical monitoring within ten days of the entry of this order.

New Orleans, Louisiana, this 2nd day of February, 2012.

*Sarah Vance*

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE