UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLARENCE HILL                                              CIVIL ACTION

VERSUS                                                     NO. 11-2786

EXXON MOBIL CORP. ET AL.                                   SECTION "R" (2)

## ORDER AND REASONS ON MOTION

Plaintiff's Rule 36(b) Motion for Leave to Withdraw Certain Admitted Responses to Defendants' Requests for Admissions, Record Doc. No. 66, is currently pending before me in this matter. Although all 40 of defendants' requests for admissions have previously been deemed admitted by operation of law, plaintiff seeks to withdraw only 17 of the admissions; specifically Nos. 8, 11-18, 20, 21, 23, 24, 29, 30, 35 and 37. Memoranda in opposition to the motion were filed by defendants. Record Doc. Nos. 70 and 72. For the following reasons, the motion is GRANTED, subject to the reservation of defendants' rights contained herein.

The Fifth Circuit has summarized the law concerning sought-after withdrawals of Requests for Admissions that have already been deemed admitted:

> Rule 36 provides that a party may serve any other party written requests for admission of the truth of any matters within the scope of Rule 26(b). Fed. R. Civ. P. 36(a). The matter is deemed admitted unless the party to whom the request is directed serves the requesting party a written answer or objection within thirty days after the service of the request. Id. Moreover, "[a]ny matter admitted . . . is conclusively

> established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b).
>
> Although the court has considerable discretion to permit withdrawal or amendment, a deemed admission may only be withdrawn when the moving party satisfies the conditions set forth in Rule 36(b). American Auto. Ass'n v. AAA Legal Clinic, 930 F.2d 1117, 1119 (5th Cir. 1991); Carney v. IRS, 258 F.3d 415, 419 ( 5th Cir. 2001). Under Rule 36(b), "the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Fed. R. Civ. P. 36(b).[1] And, even when Rule 36(b)'s two-factor test has been satisfied, the district court 'still has discretion to deny a request to withdraw or amend an admission.' Carney, 258 F.3d at 419."

Le v. Cheesecake Factory Restaurants Inc., No. 06-20006, 2007 WL 715260, at *1-2 (5th Cir. Mar. 6, 2007).

Furthermore,

> [e]ven where the presentation of the merits of a case would be eliminated, other factors considered are whether the plaintiff has demonstrated that the merits would be served by advancing evidence showing "the admission is contrary to the record of the case," or that the admission "is no longer true because of changed circumstances or [that] through an honest error a party has made an improvident admission." N[orth] La. Rehab. Ctr. Inc. v. United States, 179 F. Supp. 2d 658, 663 (W.D. La. 2001) (quoting

---

[1] I note that the language of Rule 36(b) was changed by the 2007 amendments to the Federal Rules of Civil Procedure, so that it now reads: "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). As with all the 2007 amendments, the official Advisory Notes to the Rule 36 amendments provide: "The language of Rule 36 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only." Federal Civil Judicial Procedure and Rules at 201 (Thomson West pamph. rev. ed. 2008).

> Ropfogel v. United States, 138 F.R.D. 579, 583 (D. Kan. 1991)); accord Branch Banking & Trust Co. v. Deutz-Allis Corp., 120 F.R.D. 655, 658-59 (E.D.N.C. 1988) (denying withdrawal because the movants for withdrawal proffered "no affidavit, verified pleading, or other evidence . . . to suggest the admission, if left standing, would render an unjust result under the law"). This circuit has also determined that a court acts within its discretion in considering the fault of the party seeking withdrawal, Pickens v. Equitable Life Assurance Soc., 413 F.2d 1390, 1394 (5th Cir. 1969) or its diligence in seeking withdrawal, Covarrubias v. Five Unknown INS/Border Patrol Agents, 192 F. App'x 247, 248[, 2006 WL 1816311, at *1] (5th Cir. 2006) (per curiam) (unpublished).
> 
> Turning to Rule 36(b)'s second requirement, we agree with plaintiffs that "[c]ourts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." American Auto., 930 F.2d at 1117. The Eighth Circuit has interpreted this standard to not encompass the increased expenses caused by the need for additional discovery to replace withdrawn admissions, Gutting v. Falstaff Brewing Corp., 710 F.2d 1309, 1314 (8th Cir. 1983), and other courts contemplating the standard have concluded that merely having to prove the matters admitted does not constitute prejudice. No[rth] La. Rehab. Ctr., 179 F. Supp. 2d at 663. Courts have also considered, however, within the prejudice analysis, the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial. See, e.g., Branch Banking & Trust Co., 120 F.R.D. at 660 (denying withdrawal where party, with due diligence, could have accessed the information needed to respond to request for admissions yet had failed to do so); No[rth] La. Rehab. Ctr., 179 F. Supp. 2d at 663 (permitting withdrawal when party obtaining the admissions failed to show that it would not be able to present alternative evidence and adequate time remained before trial to conduct limited discovery).

Id. at *2-3 (footnote omitted).

3

Applying the foregoing standards, I find that permitting withdrawal of the 17 deemed admissions that are the subject of this motion would promote the presentation of the merits of the action. I am not persuaded that defendants will be prejudiced in maintaining the action on the merits by permitting withdrawal of the admissions. Adequate responses have now been provided. Plaintiff acted with sufficient promptness in providing them, once his dilatory conduct in this regard was pointed out. Plaintiff has acted in good faith by seeking to withdraw only 17 of his 40 admissions. There is more than adequate time before the trial date scheduled in December 2012, Record Doc. No. 14, for defendants to prepare their case on the merits in the face of plaintiff's responses, so that any prejudice to trial preparation or other discovery efforts that might have occurred to date can be remedied. Under the particular circumstances of this case, the court will permit the 17 deemed admissions identified above to be withdrawn and the responses noted in the motion papers substituted in place of the deemed admissions. All rights to recover an award of fees and expenses pursuant to Fed. R. Civ. P. 37(c)(2) are specifically preserved in defendants' favor.

New Orleans, Louisiana, this ___9th___ day of May, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE