UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLARENCE HILL | CIVIL ACTION |
| VERSUS | NO: 11-2786 |
| EXXON MOBIL CORPORATION, ET AL. | SECTION: R |

### ORDER AND REASONS

Defendants move for summary judgment on the issue of prescription. For the following reasons, the Court denies defendants' motion.

I.  BACKGROUND

Clarence Hill's job for Tuboscope was to clean pipes that became clogged during oil production. The build up in the pipes can be radioactive, and Clarence Hill alleges that he was exposed to scale in pipes known as Normally Occurring Radioactive Material ("NORM") when he worked for Tuboscope Vetco International, LP. This radioactive exposure, Hill alleges, caused him to have a heart attack, places him at an increased risk of cancer, and gives him a fear of developing cancer. Hill has sued two oil companies, Shell Oil Co. and Chevron U.S.A. Inc., that had their pipes cleaned by Tuboscope.

Hill's alleged exposure to NORM took place from 1972 to 1977.[1] On December 11, 2001, Hill suffered a heart attack and was diagnosed with heart disease.[2] Ten years later, in 2010, Hill spoke with Mr. Leonard, a former coworker of his at Tuboscope. Leonard told Hill that he had a claim against Tuboscope and that he had "a lot of radiation."[3] Following this conversation, Hill called his lawyer and filed this lawsuit on February 18, 2011.[4]

Shell and Chevron now move for summary judgment on the grounds that Hill's claim is prescribed.[5]

## II. STANDARD

### A. Summary Judgment Standard

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but

---

[1] R. Doc. 1-1 at 3.

[2] R. Doc. 159-4 at 1.

[3] R. Doc. 159-3 at 19.

[4] R. Doc. 1-1 at 1.

[5] R. Doc. 159.

refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting Wright & Miller, *Fed. Prac. and Proc. Civ.* 2d § 2738 (1983)).

## III. DISCUSSION

Because this Court's jurisdiction is based on diversity of citizenship, Louisiana's prescriptive period applies. *Orleans Parish Sch. Bd. v. Asbestos Corp. Ltd.*, 114 F.3d 66, 68 (5th Cir. 1997); *Ricard v. Essex Ins. Co.*, No. 09-2499, 2009 WL 2762711, at *2 (E.D. La. Aug. 26, 2009). Hill's action is in tort, and is "subject to a liberative prescription of one year," which runs "from the day injury or damage is sustained." La. Civ. Code Ann. art. 3492.

### A. Plaintiff's Claim is Prescribed on the Face of the Petition

Generally, the party asserting prescription has the burden of proof at trial. But if prescription is revealed to have run on the face of plaintiff's complaint, the burden shifts to plaintiff

3

to show that his claim is not prescribed. *Wimberly v. Gatch*, 635 So. 2d 206, 211 (La. 1994); *Winstead v. Ga. Gulf Corp.*, 77 Fed. App'x 267, 272 (5th Cir. 2003).

Defendants argue that Hill's claims are facially prescribed. In his complaint, Hill alleges that he was exposed to radiation from 1972-1977 and that he suffered a heart attack in 2001.[6] Damage is sustained under article 3492, "when it has manifested itself with sufficient certainty to support accrual of a cause of action." *Brown v. R.J. Renynolds Tobacco Co.*, 52 F.3d 524, 527 (5th Cir. 1995) (quoting *Cole v. Celotex Corp.*, 620 So. 2d 1154, 1156 (La. 1993)). Because Hill filed his complaint in 2011, ten years after his heart attack, his claims are prescribed on their face. *See Lester v. Exxon Mobil Corp.*, No. 10-CA-743, 2012 WL 1957590, at *6 (La. App. Ct. May 31, 2012) (holding a claim prescribed on its face because "ITCO pipe yard, where all of the current plaintiffs admittedly suffered exposure to radioactive material, closed in 1992" and "the burden shifted to plaintiffs to prove that the suits for personal injury damages filed almost a decade later were not prescribed"); *Grant v. Tulane Univ.*, 853 So. 2d 651, 653-54 (La. Ct. App. 2003) (holding petition prescribed on its face when it alleged damages from exposure to toxic chemicals that occurred five years before filing the petition).

---

[6] R. Doc. 1-1 at 12; R. Doc. 40 at 1.

Hill incorrectly contends that because he pleaded that an exception to prescription applies, namely, *contra non valentem*, his claims are not facially prescribed.[7] But courts analyze prescription in two discrete inquiries. Courts determine if the plaintiff's claims are facially prescribed. Second, if they are facially prescribed, the burden shifts to plaintiff to show that an exception to prescription applies. If the claims are not facially prescribed, the burden remains with the defendants to prove prescription. *See Netherland v. Ethicon, Inc.*, 813 So. 2d 1254, 1261 (La. Ct. App. 2002) ("When the plaintiff's claim is prescribed on its face and the plaintiff asserts the doctrine of *contra non valentem*, the plaintiff is required to prove the facts establishing *contra non valentem*."). The cases Hill relies on illustrate this two-step process. *See Campo v. Correa*, 828 So. 2d 502, 508-09 (La. 2002) (holding that a petition was not facially prescribed under the statute of limitations for medical malpractice claims and that the lower court erred in shifting the burden to the plaintiff to show that prescription was interrupted); *Bailey v. Khoury*, 891 So. 2d 1268, 1275-76 (La. 2005) (following *Campo* and allocating the burden of proving prescription after determining that the petition was not facially prescribed); *Winford v. Connolly Corp.*, 897 So. 2d 560, 565 (La. 2005) ("[I]f prescription is evident on the face of the

---

[7] R. Doc. 1-1 at 14.

pleadings, the burden shifts to the plaintiff to show that the action has not prescribed."); *Teague v. St. Paul Fire & Marine Ins. Co.*, 974 So. 2d 1266, 1274-75 (La. 2008).[8]

Here, Hill filed his complaint ten years after he suffered his heart attack and over thirty years after his exposure. Hill therefore has the burden at trial to prove that *contra non valentem* applies. *Murphy v. Faulk*, No. 2011-CA-1381, 2012 WL 4758225, at *3 (La. Ct. App. Mar. 28, 2012); *Maurice v. Prudential Ins.* Co., 831 So. 2d 381 (La. Ct. App. 2002) ("The burden is on the plaintiff to show what prevented him from filing suit on a timely basis if he wishes to successfully argue *contra non valentem*); *Carriere v. Jackson Hewitt Tax Serv. Inc.*, 750 F. Supp. 2d 694, 707 (E.D. La. 2010) (holding that "[p]laintiff's

---

[8] Hill erroneously relies on *Campo* to suggest that his claims are not facially prescribed. Hill asserts that his claims are not facially prescribed because he alleges that he brought his claim within one year of discovering the causal connection between his injury and the defendant's conduct. But *Campo* was a medical malpractice case, and medical malpractice claims have their own statutory prescriptive periods distinct from the other tort actions. *See Campo*, 828 So. 2d at 509 ("A straight forward reading of La. Rev. Stat. Ann. § 9:5628 clearly shows that the statute sets forth two prescriptive limits within which to bring a medical malpractice action, namely one year from the date of the alleged act or one year from the date of discovery with a three year limitation from the date of the alleged act."). *Campo* held that medical malpractice claims are not facially prescribed if the petitions allege facts to fall within the statutory prescriptive periods. *Id. Campo* did nothing to change the prescriptive period for tort actions. *See Grant*, 853 So. 2d at 653-64 (noting that *Campo* "addressed the interpretation of special statutory prescribed periods applicable to medical malpractice actions").

claims have thus prescribed on the face of the petition, and she has the burden of proving that the running of prescription was suspended or interrupted in some manner" and subsequently analyzing plaintiff's argument for *contra non valentem*).

Because the dispositive issue is one on which Hill will bear the burden of proof at trial, defendants may satisfy their burden on summary judgment by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to Hill, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324.

**B.    Material Issues of Fact Remain**

*Contra non valentem* is a judicially-created exception to statutory prescription based on the doctrine that prescription does not run against a party who is unable to act. *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 884 n.36 (5th Cir. 2002). *Contra non valentem* suspends prescription in four circumstances:

> (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting; (3) Where the debtor himself has done some act effectually to prevent the creditor form availing himself of his cause of action; and (4) Where some cause of action is

7

> not known or reasonably knowable by the plaintiff, even
> though his ignorance is not induced by the defendant.

*Wimberly*, 635 So. 2d at 211. Hill's complaint invoked both the third and fourth circumstance, but his brief advances only the fourth circumstance, known as the discovery rule.

The discovery rule provides that for prescription to run, a plaintiff must have notice of the "tortious act, the damage caused by the tortious act, and the causal link between the act and the damage." *Ducre*, 963 F.2d at 760. Only then can a plaintiff be said to have constructive notice of his cause of action. *Frank v. Shell Oil Co.*, 828 F. Supp. 2d 835, 844 (E.D. La. 2011). While it is often difficult to identify the precise time when the claimant becomes aware of these facts, "the question is whether, in light of plaintiff's own information and the diagnoses he received, the plaintiff was *reasonable* to delay in filing suit." *Cole v. Celotex Corp.*, 620 So. 2d 1154, 1157 (La. 1993). The issue, then, is whether there is evidence in this case that would place a reasonable person in Hill's circumstances on notice of the tortious act, the damage, and the causal link.

There is evidence to suggest that Hill had notice of tortious act in this case, namely, his exposure to radiation while working in pipe yards. Hill admitted that he "heard a long time ago about pipes and radiation" and that this was "general

knowledge in the pipe yards."[9] Tuboscope also provided him with protective equipment that suggested a risk of exposure, such as respirators, when he cleaned the pipes.[10] Hill also suffered a heart attack, and therefore had notice of his damage. There remains, however, a question of fact on whether Hill knew or should have known about the causal link between his heart attack and his exposure.

While Hill "heard a long time ago about pipes and radiation," he states that he was not aware of the causal connection between this radiation exposure and his heart attack in 2001. This creates a question of fact as to whether he actually knew of the causal connection. Additionally, there is a factual question on whether Hill reasonably should have known about the causal connection between his exposure and his injury. There is no evidence that Hill's doctor ever advised him of a potential connection between radiation exposure and his heart attack, nor is there evidence that plaintiff learned from any other source that there could be such a connection. Any number of factors could contribute to heart attacks in 55-year old men, and there are no facts in the record suggesting that radiation exposure was known generally by lay people to be a potential cause in 2001. *See Frank*, 828 F. Supp. 2d at 845 (applying the

---

[9] R. Doc. 159-3 at 21.

[10] R. Doc. 159-3 at 12.

discovery rule when a plaintiff was unaware of the cancer-causing propensity of Benzene and noting "[p]laintiff would not have known about this information as a lay person outside of the medical and scientific fields"). Hill's unawareness of such a connection may delay the running of prescription if it is reasonable. *Id.* at 845 (noting that the discovery rule applied even though "the causal connection between injuries such as leukemia and benzene has been scientifically documented since the early 1900's"); *Hughes v. Olin Corp.*, 856 So. 2d 222, 229 (La. Ct. App. 2003) (finding that the discovery rule applied where the plaintiff "brought his suit within one year of his learning that he had lung cancer related to asbestos exposure, as opposed to a cancer that could be traced to his lengthy, prior smoking history or was otherwise not related to asbestos exposure"). Here, there is a question of fact as to whether Hill's delay was reasonable.

Defendants rely on *Marin v. Exxon Mobil Corp.*, 48 So. 3d 234 (La. 2010), for the proposition that damage alone is enough to excite plaintiff's attention to investigate further and makes it unreasonable to wait to file suit. *Marin*, a property damage case, is distinguishable from long-latency cases such as Hill's. As the Court noted, "[w]e distinguish the instant case from those in which the doctrine [of *contra non valentem*] has traditionally applied . . . [such as] long-latency diseases." *Marin*, 48 So. 3d at 250 n.14 (quoting *Eastin v. Entergy Corp.*, 865 So. 2d 49, 55

n.4)); *see also Becker*, 70 So. 3d at 913-14. In a long-latency disease case such as Hill's, damage alone is not sufficient to put a plaintiff on notice of the causal connection underlying his cause of action. *Labbe Serv. Garage Inc. v. LBM Distribs., Inc.*, 650 So. 2d 824, 829-30 (La. Ct. App. 1995) ("[In long-latency cases] our courts have held that the fact that the claimant is told by a doctor only that he has a spot or scarring on his lungs that may be indicative of asbestosis or silicosis is not, in and of itself, sufficient to charge the claimant with actual or constructive knowledge that he suffers from an actionable medical condition.").

In sum, "when damage is evident but causation is reasonably mysterious, Louisiana courts sometimes pretermit the running of prescription." *Terrebonne Parish*, 290 F.3d at 322. In Hill's case, a factual question remains as to when Hill had notice of the causal connection between his heart attack and his radiation exposure. In light of the way Louisiana cases apply the doctrine of *contra non valentem* in long-latency disease cases, there are sufficient factual questions remaining to defeat summary judgment.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion is DENIED.

New Orleans, Louisiana, this 18th day of December, 2012.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE