UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CLARENCE HILL                                    CIVIL ACTION

VERSUS                                           NO: 11-2786

EXXON MOBIL CORPORATION, ET AL.                  SECTION: R

**ORDER AND REASONS**

Plaintiff, Clarence Hill, appeals the magistrate judge's order granting Chevron U.S.A. Inc.'s ("Chevron") motion for a protective order and requiring plaintiff to return a privileged document.[1] For the following reasons, the Court denies Hill's motion and affirms the magistrate judge's order.

**I.   BACKGROUND**

In discovery, Chevron inadvertently produced a document that it claims is a privileged attorney-client communication. Chevron contacted plaintiff's counsel and asked that he return the document. When plaintiff's counsel refused, Chevron filed a motion for a protective order and to compel plaintiff's counsel to return the document.[2]

---

[1] R. Doc. 256; R. Doc. 271-3.

[2] R. Doc. 182.

The magistrate judge reviewed the document *in camera* and deferred ruling on Chevron's motion. The magistrate judge ordered Chevron to provide evidence supporting its assertion that the document was privileged.[3] Chevron submitted affidavits supporting its claim of privilege.[4] The magistrate judge determined that Chevron had met its evidentiary burden and granted its motion for a protective order and to compel the return of the document.[5] Hill appealed the magistrate judge's order on January 2, 2013.[6] On January 2, 2013, this Court granted defendants' motion for summary judgment.[7] On January 3, 2013, this Court entered a judgment dismissing plaintiff's complaint.[8]

## II.  THIS COURT'S POWER TO DECIDE THIS MOTION

Because this Court entered judgment before deciding Hill's appeal of the Magistrate Judge's decision, there is a question of whether Hill's appeal is moot. The Fifth Circuit has interpreted "the lack of an explicit statement on the part of the district court as a refusal to overrule the magistrate judge's order" when

---

[3] R. Doc. 230.

[4] R. Doc. 250.

[5] R. Doc. 256.

[6] R. Doc. 271.

[7] R. Doc. 269.

[8] R. Doc. 272.

it is consistent with the district court's determination to adopt the magistrate judge's dismissal recommendation." *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 220 (5th Cir. 2000); *see also Fielding v. Tollaksen*, 510 F.3d 175, 178-79 (2d Cir. 2007) ("[W]hen a district judge enters an order disposing of a case without expressly ruling on a pending objection filed pursuant to Federal Rule of Civil Procedure 72(a), the judgment entered pursuant to that order functions as a final order overruling the objection."). The Fifth Circuit, however, does not interpret a judgment as implicitly overruling a plaintiff's objections to a magistrate judge's order if the record is clear that "the district court had *not* considered or rejected" plaintiff's objections. *Harmon v. Ga. Gulf Lake Charles L.L.C.*, 476 F. App'x 31, 34 (5th Cir. 2012) (unpublished). Here, the allegedly privileged document was not at issue in the dispositive motion for summary judgment.[9] The Order granting summary judgment was issued the same day that Hill filed his objections. Accordingly, this Court did not rule on Hill's appeal of the magistrate judge's decision.

    Nor is Hill's motion moot. Courts have recognized the power to address similar appeals even after judgment has issued. *See Tokio Marine and Fire Ins. v. M/V FLORA*, No. Civ.A. 97-1154, 2000 WL 134698, *1 (E.D. La. Feb. 3, 2012) (reviewing magistrate's

---

[9] R. Doc. 269.

3

denial of motion to intervene after judgment was entered); *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2008 WL 4185867, at *1 (E.D. La. Sept. 9, 2008) (reviewing appeal of magistrate judge's decision to deny leave to amend complaints two of which had been dismissed, with final judgments entered).

**III. STANDARD**

Federal law affords a magistrate judge broad discretion in the resolution of nondispositive discovery disputes. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). If a party is dissatisfied with a magistrate judge's ruling, it may appeal to the district judge, who may reconsider the ruling and reverse it "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.;* Fed. R. Civ. P. 72(a); *see also Castillo v. Frank,* 70 F.3d 382, 385 (5th Cir. 1995). A finding is clearly erroneous when a reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Stevens,* 487 F.3d 232, 240 (5th Cir. 2007) (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)).

The attorney-client privilege protects communications made in confidence by an attorney to his client for the purpose of conveying legal advice. *See Hodges, Grant & Kaufmann v. United States,* 768 F.2d 719, 720-21 (5th Cir. 1985). To establish that

the document was privileged, the magistrate judge required Chevron to come forward with evidence proving that the document was authored by in-house counsel, disclosing the identity of the recipient, and attesting that the document was intended to provide legal advice.[10] The magistrate judge found that Chevron's affidavits substantiated its claim of privilege.[11]

### IV. THE MAGISTRATE JUDGE'S DECISION WAS NOT CLEARLY ERRONEOUS

Hill does not argue that the magistrate judge used the wrong procedure or applied the wrong standard when deciding this issue. Instead, Hill disagrees with the magistrate judge's determination that the document was privileged. After conducting an *in camera* review of the document and reviewing Chevron's submitted affidavits, this Court holds that the magistrate judge's determination was not clearly erroneous.

Chevron submitted affidavits evidencing that the document was authored by Samuel Listiak, former in-house counsel for Texaco Inc., and sent to Gerald Rome, an executive at Texaco (Chevron's predecessor-in-interest).[12] These affidavits also supported Chevron's contention that the document conveyed legal advice, namely, the reporting of developing issues of legal

---

[10] R. Doc. 230 at 4-5.

[11] R. Doc. 256.

[12] R. Doc. 250-3 at 3.

concern and directing Rome to take further action.[13] A reading of the document supports Chevron's contention that it was rendering legal advice. Further, the affidavits assert that because the document had a particular routing stamp, it was to be only shared with Texaco employees.[14] Accordingly, Chevron's evidence provides supports its claim of privilege.

Plaintiff does not provide evidence contradicting Chevron's affidavits. Instead, plaintiff simply disagrees with the magistrate judge's decision that the document conveyed legal advice. Hill's conflicting interpretation does not render the magistrate judge's order clearly erroneous. Finding no clear error in the magistrate judge's order, this Court denies Hill's motion.

## IV. CONCLUSION

For the foregoing reasons, Hill's motion is DENIED.

New Orleans, Louisiana, this 30th day of April, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[13] *Id.* at 4.

[14] *Id.* at 4.