UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CLARENCE HILL                                    CIVIL ACTION

VERSUS                                           NO: 11-2786

EXXON MOBIL CORPORATION, ET AL.                  SECTION: R

**ORDER AND REASONS**

Plaintiff, Clarence Hill, moves under Federal Rule of Civil Procedure 59(e) to alter or amend this Court's judgment dismissing his claims.[1] For the following reasons, Hill's motion is DENIED.

**I.   BACKGROUND**

From 1972 to 1977, Hill worked at Tuboscope Vetco International. Hill alleges he was exposed to radioactive scale ("NORM") when he cleaned pipes at Tuboscope. Hill sued Shell Oil Co. and Chevron U.S.A. Inc. alleging that these companies sent pipes containing radioactive scale to Tuboscope and that he was exposed to the radioactive scale in these pipes. On January 2, 2013, this Court granted defendants' motion for summary judgment on the grounds that Hill could not prove that he was exposed to

---

[1] R. Doc. 272.

radiation attributable to Shell or Chevron.[2] Hill now moves to alter and amend this Court's judgment.[3]

**II. RULE 59(e)**

A district court has considerable discretion to grant or to deny a Rule 59(e) motion. *See Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 355 (5th Cir. 1993). In exercising its discretion, the Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Id.* Reconsideration or alteration of an earlier order "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also Fields v. Pool Offshore, Inc.,* No. Civ. A. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd,* 182 F.3d 353 (5th Cir. 1999). Thus, to succeed on a Rule 59(e) motion, a party must satisfy at least one of the following criteria: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law. *Flynn*

---

[2] R. Doc. 269.

[3] R. Doc. 282-3.

*v. Terrebonne Parish Sch. Bd.*, 348 F. Supp. 2d 769, 771 (E.D. La. 2004).

## III. DISCUSSION

Hill argues that this Court should amend or reconsider its judgment because (1) he obtained new evidence after the motion was submitted that raise issues of material fact and (2) manifest injustice will result if his case is dismissed.

### A. HILL'S NEWLY DISCOVERED EVIDENCE IS NOT GROUNDS FOR ALTERING THE JUDGMENT

After defendants' motion for summary judgment was under submission but before judgment was entered, Hill deposed (1) defense expert Dr. Lynn Anspaugh, (2) Tuboscope's radiation consultant, Alan McArthur, and (3) a representative from Texaco, Chevron's predecessor-in-interest. This evidence is not grounds for altering this Court's judgment.

#### 1. Timing

Defendants argue that these depositions are not the proper basis for a Rule 59(e) motion to amend because the evidence was available before the judgment issued. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-864 (5th Cir. 2003) ("A motion to alter or amend the judgment under Rule 59(e) . . . 'cannot be used to raise arguments which could, and should have been made before the judgment issued.'" (citing *Simon v. United States*, 891 F.2d 1154,

1159 (5th Cir. 1990))). Hill deposed these witnesses before this Court issued its judgment, and he made no attempt to supplement the record. Accordingly, this evidence is not "newly discovered." *See Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991) (affirming district court's denial of a Rule 59(e) motion when plaintiffs' "newly discovered" evidence was available "prior to the entry of summary judgment.").

Plaintiff's reliance on *Edwards v. Ford Motor Company*, 218 F. Supp. 2d 846, 849 (W.D. Ky. 2002), is misplaced. In *Edwards*, the plaintiff conceded that the evidence she submitted was not "newly discovered" but argued that a change in law recently made the evidence relevant and necessary. *Edwards*, 218 F. Supp. 2d at 849. The Court dismissed this argument and did not consider the affidavit because it would be "contrary to the letter and spirt of Rule 59(e)." *Id.* Accordingly, Hill does not cite to any authority allowing this Court to consider evidence that was produced after the matter was under submission, but available before the Court entered judgment.

Defendants, however, do not argue that they will be prejudiced by this evidence, and the Court is "reluctant to exclude evidence that will allow it to fully consider all of the facts of the case." *Dupre v. Chevron U.S.A. Inc.*, 930 F. Supp. 248, 250 (E.D. La. 1996). Accordingly, the Court will include the new deposition testimony in the summary judgment record as it

4

considers plaintiff's Rule 59(e) motion. Nevertheless, plaintiff's motion still fails.

### 2. Dr. Anspaugh

Hill argues that Dr. Anspaugh calculated the "average concentration of radiation in ALL scale"[4] and that this testimony establishes that Hill was exposed to radioactive scale attributable to Shell and Chevron. Dr. Anspaugh, however, said no such thing. No party disputes that new pipe does not have scale, and not all used pipe has scale. Further, not all used pipe with scale contains NORM. Dr. Anspaugh calculated the theoretical average concentration of radium 226 in scale that contained NORM.[5] That experts can calculate the average radiation dose of pipes that have scale containing NORM does not provide any proof that Hill was actually exposed to (1) used pipes that have scale containing NORM or (2) that these pipes were attributable to defendants. Accordingly, Dr. Anspaugh's testimony is irrelevant to proving Hill's exposure to NORM attributable to Shell and Chevron and does not create an issue of material fact.

### 3. Alan McArthur

Tuboscope's consultant, Alan McArthur, said that Tuboscope introduced a process for not allowing pipe with NORM into the

---

[4] R. Doc. 282-3 at 5-6.

[5] R. Doc. 289-1.

yard in 1987.[6] Hill argues that this testimony supports an inference that "radiation accumulated from the time Mr. Hill was working there, less than 10 years of the 1620 year half-life of radium 226."[7] While this testimony supports an inference that radiation could have been present at Tuboscope when Hill was there, it does not provide any support to Hill's theory that he was exposed to pipes containing NORM attributable to Shell or Chevron. Accordingly, this evidence does not create an issue of material fact.

### 4. Texaco's Representative

Texaco's representative testified that "radiation was present in the oil and gas formations since oil first was put there or was formed there."[8] This testimony sheds no light on whether Hill was exposed to Shell or Chevron's pipes containing norm. Not all used pipe contains scale, and not all scale contains NORM. Accordingly, this evidence does not suggest that Hill handled defendants' NORM-containing pipes and does not create an issue of material fact.

### B. THERE IS NO MANIFEST INJUSTICE

---

[6] R. Doc. 282-5 at 2.

[7] R. Doc. 282-3.

[8] R. Doc. 282-3 at 8.

Hill's case lacks sufficient evidence to survive summary judgment. His evidence supports general inferences about radiation at Tuboscope but nothing Hill relies on suggests (1) he cleaned used pipe containing scale with NORM or (2) that these pipes were attributable to Shell or Chevron. Hill's evidence requires an impermissible chain of speculation to find that he was exposed to radiation in defendants' pipes.[9] Accordingly, Hill's motion fails.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's Rule 59(e) motion is DENIED.

New Orleans, Louisiana, this 30th day of April, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[9] R. Doc. 269 at 7.